H. Dean Steward SBN 85317
17 Corporate Plaza Dr., Ste. 254
Newport Beach, CA 92660
949-481-4900
deansteward7777@gmail.com

Attorney for Defendant
Tu Anh Tran

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CATRANFORNIA

| | |
|---|---|
| UNITED STATES,<br>Plaintiff,<br>vs.<br>Tu Anh Tran,<br>Defendant. | Case No. SA-CR-25-250-JVS<br><br>MOTION FOR RECONSIDERATION OF MOTION TO DISMISS AND DISQUALIFY BILAL ESSAYLI; [New Authority]; CHART<br><br>Hearing Date: TBA<br>Time: TBA |

TO: United States Attorney Bilal Essayli and Asst. U.S. Attorney Alexander Drutis, please take notice that defendant Tu Anh Tran, together with counsel, has filed the below motion for reconsideration of his prior motion to dismiss the indictment and disqualify U.S. Attorney Bilal Essayli. No hearing has yet been set.

Dated: August 21, 2026, 2026

s./ H. Dean Steward
H. Dean Steward
Counsel for Defendant
Tu Anh Tran

**I. MOTION FOR RECONSIDERATION**

Under the Local Rules for the Central District of California, a motion for reconsideration is proper if there has been, “the emergence of new material facts or change of law occurring after the order was issued.” LR 7-18(b).

Here, *U.S. v. Jackson et. al.* _____ F.4th ____, (9th Cir. 8-17-26), 2026 WL 2387099 was decided on August 17, 2026. This court denied the motion by the defense on July 24, 2026 to dismiss the indictment and disqualify current First Assistant Bilal Essayli. The *Jackson* opinion is now critical to the analysis of the dismissal of Mr. Essayli as U.S. Attorney, First Assistant or by whatever title.

**II. INTRODUCTION**

In the *Jackson* decision, the panel upheld the disqualification by the District Court of Las Vegas Acting U.S. Attorney Sigal Chattah’s participation in prosecutions. The Court wrote that the question presented was “…whether the Attorney General can make someone an Acting U.S. Attorney—bypassing the usual requirement that a U.S. Attorney be confirmed by the Senate—by designating that person as the first assistant to an already-vacant office of U.S. Attorney.” *Jackson* Id. at p. 5. The panel ruled that the answer is no. This is the same question that the defense presented here, as part of two questions, in the motion to dismiss, docket 47.

**III. THE FEDERAL VACANCIES REFORM ACT OF 1998**

In the *Jackson* opinion, the Ninth Circuit focused on the relevant statutes, and in particular, the Federal Vacancies Reform Act of 1998 (5 U.S.C. § 3345 et seq.),

[FVRA] when examining the Department of Justice's [DOJ] actions in avoiding Senate confirmation of U.S. Attorney candidates. In the lengthy review of relevant case law, statutes and Congressional records, the Court came to a simple conclusion:

> "The general delegation statutes governing the Department of Justice do not allow the Attorney General to appoint Chattah as a de facto U.S. Attorney despite her ineligibility under the FVRA."
>
> *U.S. v. Jackson,* Id. at p. 30

As demonstrated in the attached chart, Ms. Chattah in Las Vegas and Mr. Essayli in Los Angeles progressed on the nearly identical path, including DOJ actions occurring days or even hours between them.

Ms. Chatttah and Mr. Essayli should be treated equally. In *Jackson*, the Ninth Circuit held that Ms. Chattah could no longer act as U.S. Attorney, regardless of label, as such actions violate the FVRA. See *Jackson*, Id. at p. 34. There is no principled difference between the Chattah and Essayli facts and positions, as the attached chart highlights.

**IV. DISRESPECT OF THE FEDERAL COURT SYSTEM BY THIS ADMINISTRATION'S DEPARTMENT OF JUSTICE**

Under historical norms and statutes, Congress would use the power of "consent" to review, investigate and approve U.S. Attorney nominees. Under the current administration, this process has been totally scrapped. In part, Congress itself is to blame. Partisan politics has crippled the ability of Congress to do much of anything.

As a result, the current administration has filled U.S. Attorney positions across the country with loyalist of dubious ability to assume the duties of a U.S. Attorney. Their mandate is to follow Trump Administration priorities, not to seek justice and protect the community.

The Court in the *Jackson* opinion emphasized the dread in avoiding Senate scrutiny:

> "The Framers feared that the President might seek to appoint 'candidates who had no other merit, than that…of being in some way or other personally allied to [the President] …and they saw the Senate's advice-and-Consent function as necessary to 'prevent [] the appointment of unfit characters' to federal office." The Federalist No. 76, at 513 (Alexander Hamilton) (Jacob E. Cooke ed., 1961), quoted in *U.S. v. Jackson*, supra at p. 10-11.

**V. CONCLUSION**

The defense's original motion sought two remedies- First, dismissal of the indictment against the defendant, and second, disqualify Mr. Essayli from his position in the U.S. Attorney's Office, by whatever title. The defense suggests that the second remedy has now been wholly supported by the Ninth Circuit in the *Jackson* opinion.

The defense asks the Court to reconsider the previous ruling on motion in light of the very recent *Jackson* opinion from the Ninth Circuit.

Dated: 8-21-26 /s./ H. Dean Steward

H. Dean Steward
Counsel for Defendant
Tu Anh Tran

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza Dr., Ste. 254, Newport Beach, CA 92660.

I am not a party to the above-entitled action. I have caused, on 8-21-26, service of the defendant's:

**Motion for Reconsideration**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Zakariya Varshovi and Alexander Drutis**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8-21-26

s/ H. Dean Steward

H. Dean Steward